**NORFIN, INCORPORATED, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

Civ. A. No. 76–F–293.

United States District Court, D. Colorado.

Jan. 26, 1979.

See also, D.C., 453 F.Supp. 1072.

James W. Buchanan, Hutchinson, Black, Hill, Buchanan & Cook, Boulder, Colo., Granger Cook, Jr., Cook, Wetzel & Egan, Ltd., Chicago, Ill., for plaintiff.

Donald C. McKinlay, Holme, Roberts & Owen, Denver, Colo., William K. Kerr, Fish & Neave, New York City, Earl C. Hancock, IBM Corp., Boulder, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, District Judge.

In a jury trial on the damages phase of this bifurcated patent infringement suit, Norfin, Incorporated (Norfin) prevailed against defendant International Business

Machines Corporation (IBM) to the extent of $7,500,000. By way of background, the patent asserted in this suit relates to a collator which can automatically sort and assemble successive pages of text as they come off an attached duplication (photocopying) machine. In the liability phase of the trial, a separate jury returned a special verdict finding willful and deliberate infringement on the part of IBM.

The instant trial was limited to the issue of damages. Norfin sought to recover for its lost profits. It prayed for an amount in excess of eleven million dollars. Defendant IBM denied that there were any ascertainable lost profits and contended that Norfin should recover, as its measure of damages, nothing more than a reasonable royalty. IBM submitted a figure of just over two hundred thousand dollars as constituting adequate compensation in this case.

The jury returned an unanimous special verdict in which it found that (1) Norfin was entitled to damages in the amount of $7,500,000, and (2) the foregoing award was based upon a lost profits measure of damages. The court entered judgment on the jury verdict and made certain additional rulings as well. We awarded Norfin its reasonable attorney's fees under 35 U.S.C. § 285 and we declined to treble or otherwise increase the damages under 35 U.S.C. § 284. We set a hearing to determine the amount of such fees and expenses as were properly awardable and ultimately (upon the parties' stipulation as to amount) awarded some $375,000 in fees, expenses, and costs.

We now rule on IBM's motions for judgment notwithstanding the verdict, or in the alternative, for remittitur or new trial. Defendant's motions take issue with the amount of damages found by the jury, alleging that the damages are excessive and not supported by the evidence.

The court denies the motion for judgment notwithstanding the verdict and the motion for remittitur or new trial.

## I

IBM urges that the verdict must be set aside because it is, assertedly, grossly excessive and not supported by the evidence.

This court instructed the jury, in part, that it was Norfin's burden (with respect to lost profits) to prove by a preponderance of the evidence that Norfin lost sales or leases because of IBM's infringement and that Norfin would have made a profit on those sales or leases. *See,* Instruction No. 13 (attached as Appendix A). IBM maintains that Norfin failed to establish four essential facts necessary to its lost profit case within the ambit of the court's instruction.

IBM asserts that Norfin failed to prove that (1) there was a demand for collators embodying the patented feature, (2) there was no acceptable substitute for such a collator, (3) there was a marketing and servicing capability on Norfin's part to place as many collators as IBM had placed, and (4) there was a particular and quantifiable profit which Norfin would have made on any sales or leases which it lost by virtue of the infringement. It is IBM's position that Norfin failed to prove any one of those four essential facts and therefore failed to carry its burden as to lost profits.

IBM concludes by pointing out that, where the patent owner has failed to prove lost profits and where there exists no established royalty (as it contends is the case here), damages can only be awarded on the basis of a reasonable royalty. IBM seeks to have the verdict set aside and prays for entry of judgment in the amount of $210,872 (or for remittitur). Such a sum is based upon IBM's evidence of what constitutes a reasonable royalty in this case.

Norfin responds that there is substantial evidence in the record to support a finding in its favor on each of the four essentials which IBM has challenged. That being so, Norfin concludes, the $7,500,000 award for lost profits is amply supported by the evidence.

## II

Judgment n. o. v. is proper where the evidence and all the inferences to be drawn therefrom are so patent that reason-

able men could not differ as to the conclusions to be drawn. *Barnett v. Life Ins. Co. of the Southwest,* 562 F.2d 15, 17 (10th Cir. 1977). The evidence, construed in the light most favorable to the party opposing the motion, must point but one way and be susceptible to no reasonable inferences in any other direction. *Id.; see also, New Mexico Savings & Loan Ass'n v. United States Fidelity & Guaranty Co.,* 454 F.2d 328, 331 (10th Cir. 1972). This same standard applies equally to patent infringement cases. *See, Burger Train Systems, Inc. v. Ballard,* 552 F.2d 1377, 1381 (10th Cir.), *cert. denied,* 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 132 (1977); *Moore v. Schultz,* 491 F.2d 294, 298 (10th Cir.), *cert. denied,* 419 U.S. 930, 95 S.Ct. 203, 42 L.Ed.2d 161 (1974).

IBM cannot meet this standard. The instant motion for judgment n. o. v. challenges the credibility of witnesses and the strength of the inferences which may be drawn from the evidence. It does not convince the court that the evidence, seen in a light most favorable to Norfin, is so overwhelmingly in IBM's favor as to require the court to set aside the verdict. After having observed the whole trial, and having evaluated the testimony of the witnesses and having reviewed the exhibits, the court is satisfied that there is sufficient evidence to support the verdict. This was a hard fought case and one which was well presented by counsel for both parties. There was a wealth of detailed evidence, much of it introduced through witnesses qualified as experts in the discipline of accounting, much of it sharply contested. The jury resolved many of the disputes in Norfin's favor, based on the evidence it heard.

We note that this was a case in which the jury was most attentive and, notwithstanding the difficulty of the subject matter, was well prepared for its deliberations. By stipulation of the parties, and in the court's discretion, each juror was permitted to take a package of material into the jury room. The package included a full set of the court's instructions and full exhibit books containing all those exhibits admitted into evidence. Among the exhibits was plaintiff's number 138 which summarized plaintiff's calculations leading to a lost profits figure of $11,645,657. Downward revisions in revenues or upward revisions in incremental costs (or both) could have been made by the jury from the evidence presented and the materials at hand. Such adjustments can fully account for the difference between the $11.6 million which Norfin sought and the $7.5 million which the jury actually awarded.

We deny IBM's motion for judgment notwithstanding the verdict.

### III

New trial or remittitur may be in order where the verdict is against the weight of the evidence. While the standard for granting such a motion is not so demanding as that for granting judgment n. o. v., the motion is committed to the sound discretion of the trial court. *See, e. g., Transok Pipeline Co. v. Darks,* 565 F.2d 1150, 1156 (10th Cir. 1977), *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); *Harris v. Quinones,* 507 F.2d 533, 535 (10th Cir. 1974). The court has weighed the evidence in this case and we conclude, in our discretion, that this is not a verdict which is against the weight of the evidence.

As we have noted, this case was hotly contested, ably tried by counsel on both sides, and vigorously argued at all levels. The jury has reached a verdict which is within the range of the evidence and which is supportable by the evidence. The dollar amount is not so high that it can be clearly said to lie beyond the "maximum limit of a reasonable range." *Cf., Transok Pipeline, supra,* 565 F.2d at 1156 (appeals court would reverse a trial court's granting of a new trial if the damages found by the jury were within such reasonable range). Nor can it be said that the dollar amount is of such a magnitude as to shock the conscience of the court. *See, Rhoads v. Horvat,* 270 F.Supp. 307, 311 (D.Colo.1967).

We deny IBM's motion for remittitur or new trial.

## ORDER

Accordingly, and for all the reasons stated above, it is ORDERED that defendant's motions for judgment notwithstanding the verdict, and for remittitur or new trial be and hereby are DENIED.

The court directs that final judgment enter in this action in accordance with this order and the orders previously entered.

## APPENDIX A

### INSTRUCTION NO. 13

You are to assess as damages insofar as they have been established by the evidence an amount adequate to compensate Norfin for IBM's infringement. One measure of such damages is the profits that Norfin lost due to IBM's infringement. An alternate measure of Norfin's damages is an amount that would have been received by Norfin if IBM had been paying a reasonable royalty to it for the use made by IBM of the patent in question during the period of infringement.

Norfin's damages may be defined as compensation for the financial (that is, monetary) loss Norfin has suffered from the infringement without regard to the question whether IBM has gained or lost by its unlawful acts. These damages may be defined as constituting the difference between Norfin's financial position after the infringement and what its condition would have been if the infringement had not occurred. The question to be decided in determining damages is: how much has Norfin suffered by the infringement, that is, had IBM not infringed, what would Norfin have realized by way of lost profits? In further answering this question, you must also consider whether Norfin has proved by a preponderance of the evidence that, because of IBM's infringement, Norfin lost sales or leases and that Norfin would have made a profit on those lost sales or leases.

The actual damages to Norfin caused by the infringement is most accurately determined on the basis of what you find from a preponderance of the evidence in the case.

In no event, however, shall the amount in dollars be less than the amount of money that would have been received by Norfin if IBM had been paying a reasonable royalty to it for the use made by IBM during the period of the infringement.

I would like to explain to you how to determine what a reasonable royalty would be in the context of this case. A reasonable royalty is the amount of money which the owner of a patent would accept, who is desirous of licensing another to use his patent in return for a royalty, but who is not forced by financial need or other compulsion to do so; and the amount which a person would be willing to pay as a royalty, who is desirous of obtaining a license to use the invention, but who is not compelled to do so. In other words, a reasonable royalty is the amount which you find the two bargainers freely and voluntarily would agree upon, neither under any obligation to do so.

In determining a reasonable royalty, you are entitled to consider any evidence bearing upon profits IBM may have realized from the infringement, as well as any evidence bearing upon the amount of money Norfin may have lost because of the infringement; you may likewise consider any opinions expressed as to the amount of money that would have constituted a reasonable royalty during the period of the infringement.

The owner of a patent is permitted to express his opinion as to a reasonable royalty; so may an infringer. Such testimony is to be weighed and considered by you in accordance with the instructions that I have heretofore given you.

You are not permitted to award speculative damages. This means that you are not to include in any verdict compensation for prospective loss which, although possible, is wholly remote or left to conjecture or guess.

In determining the issue of damages, you should bear in mind that the law does not permit the jury to award any greater sum

than the monetary loss which Norfin has suffered as a result of IBM's infringement, without regard to the gains or losses which accrued to IBM as a result of the infringement.

In fixing the amount of your verdict on damages, you may not include in or add to an otherwise just award any sum for the purpose of punishing IBM, or to set an example.

## APPENDIX B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 76–F–293

NORFIN, INC., )
)
      Plaintiff, )
)
      v. )    SPECIAL VERDICT
)    (Trial on Damages)
INTERNATIONAL BUSINESS )
MACHINES CORP., )
)
      Defendant. )

We, the Jury, present our answers to questions submitted by the court to which we have unanimously agreed.

Questions numbered one through twelve having been asked and answered by a separate jury in the trial on liability, the first question herein is numbered thirteen.

QUESTION NO. 13:

What is the amount of damages adequate to compensate Norfin for IBM's infringement of the '254 patent during the period March, 1976 through June 30, 1978?

ANSWER NO. 13: $7,500,000.00

QUESTION NO. 14:

Is the foregoing award based on (a) what Norfin's financial condition would have been if the infringement had not occurred (Norfin's lost profits), or (b) the reasonable royalty which IBM should have paid to Norfin for the use of the '254 invention?

ANSWER NO. 14 (check one of the following):

    (a) _X_ (award based on Norfin's lost profits)

    (b) ____(award based on reasonable royalty)

DATED at Denver, Colorado this _6_ day of _October_, 1978.

s/ Marjorie B. Gabriel
FOREPERSON